IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01704-RBJ-MJW

JOHN H. COOK,

Plaintiff,

v.

DARLENE MCINNIS,

Defendant(s).

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion for Summary of Judgment **(Docket No. 28)**, which upon liberal review this court finds is not a motion pursuant to Fed. R. Civ. P. 56, is **denied**.  Plaintiff is essentially seeking sanctions against the Colorado Attorney General's Office or perhaps the defendant, apparently in the nature of the entry of a default, for not appearing at the Scheduling Conference that was set to be held on November 1, 2012, at 10:00 a.m. before Judge Watanabe.  As correctly noted in the defendant's thorough response (Docket No. 36), however, at the time this court entered its Order setting the Scheduling Conference (Docket No. 15), defendant had not yet been served, and defense counsel had not entered an appearance.  In that Order (Docket No. 15), this court advised plaintiff of **his** duty to notify the defendant of the November 1, 2013, Scheduling Conference, but plaintiff failed to do so.  Consequently, defendant was unaware of that conference and did not appear.  This court thus reset the Scheduling Conference to November 28, 2013, at 10:00 a.m. (Docket No. 24), at which defense counsel appeared.  (See Docket No. 34).  There is thus no basis for the relief sought by the plaintiff in this motion.

It is further **ORDERED** that the plaintiff's motion captioned "Summary of Judgment" **(Docket No. 43)**, which upon liberal review this court finds is also not a motion pursuant to Fed. R. Civ. P. 56, is **denied**.  Plaintiff asserts in his motion that his constitutional rights were violated when defendant somehow obtained plaintiff's medical records without his authorization.  He thus requests that the court entered "a Summary Judgment instanter against the Defendant."  In Response, defense counsel states that plaintiff's medical records from April 2011 through December 2012 were disclosed to plaintiff pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) as documents relating to this matter. In addition, defense counsel notes that plaintiff himself disclosed some of the same records in his initial disclosures, although he did not provide copies of such to the defendant and in fact did not provide defendant with copies of any of the documents listed in his initial disclosures.  Plaintiff has raised his medical condition as the basis of

2

his claim here, and he thereby impliedly waived any claim of confidentiality with respect to such.  Therefore, plaintiff's motion is denied.

It is further **ORDERED** that the plaintiff's motion captioned "Summary of Judgment" **(Docket No. 44)**, which upon liberal review this court finds is also not a motion pursuant to Fed. R. Civ. P. 56, is **denied**.  Plaintiff does not seem to seek any particular relief in this motion other than asking that ""this matter be in all things cleared up."  He points out his understanding that medical personnel at Sterling Correctional Facility are employed by an outside agency, C.H.P., that had employed a "group of lawyers."  He notes that the Sterling nurses had administered medical attention to him for the dog bite at issue here.  Plaintiff then asks, "Now, the Attorney General's Office is defending a person (defendant) that is covered by what agency?"  Defense counsel explains representation by the Colorado Attorney General in her Response.  (Docket No. 48).  Therefore, plaintiff's inquiry seems to have been answered, and plaintiff's motion should thus be denied.

It is further **ORDERED** that plaintiff's Motion to Invoke Rule, or Issue an Order **(Docket No. 45)** is **denied**.  Plaintiff seeks an order directing the defendant and "all of the attorney's [sic]" not to approach or question, even through a third party such as other staff or inmates), with any questions concerning this case, especially plaintiff's witnesses, without his presence.  In Response (Docket No. 49), defendant notes that plaintiff has endorsed as witnesses eighteen staff members, including several of defendant's colleagues, the Warden, and the Executive Director of the Colorado Department of Corrections, as well as seven prisoners, some of whom still work for defendant in the K-9 prison job program.  This court finds that plaintiff has provided no support for defendant being prohibited from speaking with any non-party during the pendency of this case.


Date: February 27, 2013